IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SCOTT BALUSS, DIEGO LUPERCIO, KIERSTEN SHERMAN and ROLANDA OLIVER, individually and on behalf of and others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION FILE: 1:12-CV- |
| v. | ) ) | |
| AURORA GROUP, INC. a Georgia Corporation and BRANDIE PARK, an Individual, | ) ) ) ) | Jury Demand |
| Defendants. | ) | Collective Action |

## COMPLAINT

NOW COMES Scott Baluss, Diego Lupercio, Kiersten Sherman and Rolanda Oliver (collectively "Plaintiffs"), on behalf of themselves and all other similarly situated persons, and bring this individual and collective action against Aurora Group, Inc. and Brandie Park (collectively "Defendants") and show:

### I. INTRODUCTION

1.    Plaintiffs claim that Defendants failed to pay the Plaintiffs and other similarly situated management trainees the minimum wage and overtime wages for the substantial overtime hours they worked. Defendants

misclassified Plaintiffs and the other similarly situated employees as "exempt" from the minimum wage and overtime requirements of Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq*. ("FLSA").  Defendant's failure to pay the minimum wage and overtime wages to Plaintiffs and the other similarly situated employees violated 29 U.S.C. §§ 206 and 207 because the Plaintiffs and other similarly situated employees do not satisfy the requirements of any applicable exemption under the FLSA.

2.     As a result of Defendants' violation of the FLSA, Plaintiffs seek overtime wages, liquidated damages, interest, and attorneys' fees and costs pursuant to 29 U.S.C. § 216 on behalf of themselves and similarly situated individuals who have worked for Defendants ("Collective Action Members") for the period commencing three (3) years prior to the filing of this Complaint or the Collective Action Members' respective consents to be included in this collective action

## II. PARTIES

3.     Scott Baluss ("Baluss") is a former employee of AURORA GROUP, INC. and a resident of the state of Georgia.  Mr. Baluss was employed by Defendant as a management trainee from approximately February 8, 2012  through May 22, 2012.

4.     Diego Lupercio ("Lupercio") is a former employee of

AURORA GROUP, INC. and a resident of the state of Georgia.  Mr. Lupercio was employed by Defendants as a management trainee from September of 2011 through April 12, 2012.

5.     Kiersten Sherman ("Sherman") is a former employee of AURORA GROUP, INC. and a resident of the state of Georgia.  Ms. Sherman was employed by Defendants as a management trainee from approximately March 15, 2012 to May 15, 2012.

6.     Rolanda Oliver ("Oliver") is a former employee of AURORA GROUP, INC. and a resident of the state of Georgia.  Ms. Oliver was employed by Defendants as a management trainee from March 25, 2012 to May 8, 2012.

7.     AURORORA GROUP, INC. ("AGI") is a for-profit corporation doing business in the Northern District of the State of Georgia and is subject to the jurisdiction of this Court.  AGI may be served with summons and process by service upon its registered agent, Brandie Park, 550 Interstate North Parkway, Suite 550, Atlanta, Fulton County, Georgia 30328.

8.     Brandie Park ("Park") is an individual residing in Fulton County, Georgia. Park may be served with process by service upon her at her residence which is 820 Heards Ferry Road, NW, Atlanta, Georgia 30328.

### III. JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction over federal questions raised under the FLSA pursuant to 28 U.S.C.S. §§ 1331 and 1337.

10.     Venue is proper in the Northern District of Georgia, under 28 U.S.C. §1391(b), since the Defendants reside in this judicial district. In addition, a substantial part of the events or omissions giving rise to the claims occurred in this judicial district. Plaintiffs worked for Defendants at its offices located within Atlanta, Georgia.

11.     This Court has personal jurisdiction over Defendant Park since Park is a citizen of this judicial district and Defendant AGI since AGI has offices and agents in this judicial district and does business in the Northern District of Georgia, and, it is, therefore, considered to be a citizen of Georgia.

### IV. THE COLLECTIVE ACTION MEMBERS

12.     The term "Collective Action Members" as used in this complaint refers to those additional persons represented by the Plaintiffs pursuant to the collective action provision of 29 U.S.C. § 216(b).

13.     The Class is defined as:

> All persons employed as a management trainee of AGI during the 3 year period proceeding the filing of complaint through the present to whom AGI failed to pay the minimum and/or overtime compensation required by

4

federal law.

14.    The Plaintiffs bring this case as a collective action for all Collective Action  Members, as defined in the preceding paragraph.

## V.  STATEMENT OF PERTINENT FACTS

15.    At all times mentioned in this action, Defendant AGI operated a management trainee business.

16.    Defendant Park owned and operated AGI.

17.    Plaintiffs and the Collective Action Members were employed by AGI as   management trainees at AGI's offices located in Atlanta, Georgia.

18.    As management trainees, Plaintiffs and the Collective Action Members were employed for the primary purpose of training employees to sell services or products of third parties.

19.    AGI paid Plaintiffs and the Collective Action Members under a common compensation plan and policy.

20.    AGI paid Plaintiffs and the Collective Action Members a base salary and/or commission.

21.    Plaintiffs and the Collective Action Members were not paid the minimum wage for each hour they worked.

22.    Plaintiffs and the Collective Action Members worked in excess

of 40 hours per week for which they were not compensated at a rate of not less than one and one-half their regular rate of pay.

23.    Plaintiffs and the Collective Action Members worked approximately 55 – 65 hours per week during a typical week.

24.    Defendants knew or had constructive notice that Plaintiffs and the Collective Action Members worked overtime.

25.    Plaintiffs and the Collective Action Members were regularly present in the office working overtime.

26.    In addition, Defendants' management encouraged Plaintiffs and the Collective Action Members to work overtime at the office and outside the office.

27.    Defendants misclassified Plaintiffs and the Collective Action Members as exempt under the FLSA.

28.    Defendants maintained and applied a single common policy, plan, and practice of not paying Plaintiffs and the Collective Action Members the minimum and overtime wages required under the FLSA, and by misclassifying Plaintiffs and the Collective Action Members as exempt under the FLSA.

29.    Defendants failed to maintain records of the number of hours worked by Plaintiffs and the Collective Action Members.

30.     Defendants misled and induced Plaintiffs and the Collective Action Members to believe they are exempt from the minimum wage and overtime.

31.     Plaintiffs and the Collective Action Members relied upon Defendants' misrepresentations about their exempt status.

## VI. COLLECTIVE ACTION ALLEGATIONS UNDER 29 U.S.C. § 216(b)

32.     Plaintiffs bring the claims under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of the Collective Action Members, who include all persons who have worked for AGI as a management trainee at any time within the past three (3) years or the applicable statute of limitations.

33.     Plaintiffs and the Collective Action Members performed the same or substantially similar duties for AGI, were subject to Defendant's common policy and practice of misclassifying them as exempt employees and not paying at least one and one-half times the employees' regular rate for overtime, have otherwise been subject to common compensation plans, policies and practices, and are otherwise "similarly situated" employees within the meaning of the FLSA.

34.     The overtime violations may be brought and maintained as a "opt-in" collective action pursuant to 29 U.S.C. § 216(b), because Plaintiffs

and the Collective Action Members are similarly situated.

35.     The names and addresses of the FLSA Collective Action Members are available from Defendants, and Plaintiffs request an order requiring Defendants to provide the names and addresses and all available contact information for all Collective Action Members, so notice can be provided to them of the pendency of this action, and their right to opt-in to this action.  Plaintiffs further request that the applicable statute of limitations be tolled based on, among other reasons, Defendant's conduct in misrepresenting the facts to Collective Action Members with regard to their eligibility for overtime pay.

36.     Plaintiffs and the Class Members were not paid the minimum wage as required by 29 U.S.C. § 206.

37.     Plaintiffs and the Class Members were not paid overtime compensation as required by 29 U.S.C. § 207.

## VII.   CLAIMS

### COUNT I: OVERTIME CLAIMS (Individual and Collective claims for Violation of 29 U.S.C. § 207)

38.     Each and every allegation contained in the foregoing paragraphs are re-alleged as if fully set forth herein.

39.     Defendants are each an "employer" and employ/employed the Plaintiffs and the Collective Action Members as "employees" within the

8

meaning of the FLSA, 29 U.S.C. § 203(d).

40.     Defendants are engaged in "commerce" and/or in the production of "goods" for "commerce."

41.     AGI is an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), because it has employees engaged in commerce, and because its annual gross volume of sales made is more than $500,000.

42.     Plaintiffs consent to sue in this action pursuant to 29 U.S.C. § 216(b). A consent to sue executed by each Plaintiff is attached hereto and incorporated herein as Exhibit A.

43.     Defendants misclassified Plaintiffs and the Collective Action Members as exempt employees.

44.     Defendants failed to pay Plaintiffs and the Collective Action Members wages at a rate of one and one-half (1 ½) times their regular rate, for hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207.

45.     At all relevant times, Defendants had a policy, practice and procedure of  misclassifying the Plaintiffs and Collective Action Members as exempt and, failing to pay them wages at a rate of one and one-half (1 ½) times their regular rate, for hours worked in excess of forty (40) hours per

week, in violation of 29 U.S.C. § 207.

46.     Defendants knowingly, intentionally and willfully violated the FLSA with respect to Plaintiffs and the Collective Action Members.

47.     Throughout the relevant period of this lawsuit, there is no evidence that Defendants' conduct that gave rise to this action was in good faith and based on reasonable grounds for believing that their conduct did not violate the FLSA.

48.     Due to Defendants' FLSA violations, Plaintiffs and the Collective Action  Members are entitled to recover from Defendant, unpaid overtime compensation and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to 29 U.S.C. § 216(b), all in an amount to be determined at trial.

### COUNT II: MINIMUM WAGE CLAIM (Individual and Collective claims for Violation of 29 U.S.C. § 206)

49.     Each and every allegation contained in the foregoing paragraphs are re-alleged as if fully set forth herein.

50.     Defendants are each an "employer" and employ Plaintiffs and the Collective Action Members as "employees" within the meaning of the FLSA, 29 U.S.C. § 203(d).

51.     Defendants are engaged in "commerce" and/or in the

production of "goods" for "commerce."

52.    AGI is an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), because it has employees engaged in commerce, and because its annual gross volume of sales made is more than $500,000.

53.    Plaintiffs consent to sue in this action pursuant to 29 U.S.C. § 216(b). A consent to sue executed by each Plaintiff is attached hereto and incorporated herein as Exhibit A.

54.    Defendants misclassified Plaintiffs and the Collective Action Members as exempt employees.

55.    Defendants failed to pay Plaintiffs and the Collective Action Members the minimum wage in violation of 29 U.S.C. § 206.

56.    At all relevant times, Defendants had a policy, practice and procedure of  misclassifying the Plaintiffs and Collective Action Members as exempt and, failing to pay them the minimum wage in violation of 29 U.S.C. § 206.

57.    Defendants knowingly, intentionally and willfully violated the FLSA with respect to Plaintiffs and the Collective Action Members.

58.    Throughout the relevant period of this lawsuit, there is no evidence that Defendants' conduct that gave rise to this action was in good

faith and based on reasonable grounds for believing that their conduct did not violate the FLSA.

59.   Due to Defendants' FLSA violations, Plaintiffs and the Collective Action  Members are entitled to recover from Defendant, unpaid overtime compensation and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to 29 U.S.C. § 216(b), all in an amount to be determined at trial.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all Collective Action Members, respectfully pray that this Court grant relief  as follows:

a.   Certification of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to potential Collective Action Members, apprising them of the pendency of this action, and providing them with notice of their right to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. §216(b);

b.   A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

c.     Award Plaintiffs and the Collective Action Members judgment for lost overtime compensation calculated at one and one-half times the regular rate that Plaintiffs would have received but for Defendants unlawful conduct, as well as liquidated damages, interest and attorneys' fees as provided for under the FLSA;

d.     Award Plaintiffs and the Collective Action Members judgment for wages at the minimum rate, as well as liquidated damages, interest and attorneys' fees as provided for under the FLSA

e.     Award Plaintiffs and the Collective Action Members Costs of this action, including expert fees;

f.     Grant Plaintiffs and the Collective Action Members a jury trial on all issues so triable; and

g.     Award Plaintiffs and the Collective Action Members such other and further relief as the Court may deem just and proper.


/s/ Ainsworth G. Dudley
Ainsworth G. Dudley
Georgia Bar No. 231745
David Selby
Georgia Bar No. 557101
Attorneys for Plaintiffs

4200 Northside Parkway
Building One, Suite 200
Atlanta, GA 30327
Telephone: (404) 687-8205
Facsimile: (404) 237-2150
Ainsworth G. Dudley Email: dudleylaw@imnisp.com
David Selby Email: david.selby@selbylawoffice.com

## <u>CERTIFICATE OF COMPLIANCE</u>

This is to certify that the foregoing has been prepared using Times New Roman 14 point font.

This 20th day of June, 2012.

<div style="margin-left:50%">

<u>*/s/ Ainsworth G. Dudley*</u>
Ainsworth G. Dudley
Georgia Bar No. 231745
David Selby
Georgia Bar No. 557101
Attorneys for Plaintiffs

</div>

# EXHIBIT A

## **CONSENT**

Pursuant to 29 U.S.C. § 216(b), I consent to join the wage and hour claim against Aurora Group, Inc. filed in the United States District Court for the Northern District of Georgia.


Date: _06/12/2012_

_Scott Baluss_
Print Name

_[signature]_
Sign Name

## **CONSENT**

Pursuant to 29 U.S.C. § 216(b), I consent to join the wage and hour claim against Aurora Group, Inc. filed in the United States District Court for the Northern District of Georgia.

Date: _June 12, 2012_

_Kiersten Sherman_
Print Name

_Kiersten Sherman_
Sign Name

## CONSENT

Pursuant to 29 U.S.C. § 216(b), I consent to join the wage and hour claim against Aurora Group, Inc. filed in the United States District Court for the Northern District of Georgia.

Date: 6/12/2012

Rolanda Oliver
Print Name

Sign Name

## CONSENT

Pursuant to 29 U.S.C. § 216(b), I consent to join the wage and hour claim against Aurora Group, Inc. filed in the United States District Court for the Northern District of Georgia.


Date: 6/13/12

Diego Lupercio
Print Name

Sign Name